**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50262 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-01620-DMS-1 |
| v. | |
| JOSE ANTONIO MURILLO-CAMACHO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Jose Antonio Murillo-Camacho appeals from the district court's judgment

and challenges the 24-month sentence imposed following his guilty-plea

conviction for unlawful attempted entry by an alien, in violation of 8 U.S.C.

§ 1325(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Murillo-Camacho first contends that the district court erred by comparing him to defendants convicted of illegal reentry under 8 U.S.C. § 1326 when determining his sentence. However, the district court's reference to another defendant's § 1326 proceeding was made in the context of a discussion regarding the government's decision not to charge Murillo-Camacho with illegal reentry. Further, the district court properly considered Murillo-Camacho's prior sentences for immigration offenses. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B).

Murillo-Camacho next contends that the district court relied on clearly erroneous facts by assuming that Murillo-Camacho's prior removal order was valid and thereby implicitly applying a 10-level enhancement to his base offense level. He maintains that, at a minimum, remand is warranted for the district court to clarify that it did not base the sentence on an incorrect Guidelines range. The record makes clear, however, that the district court knew the applicable Guidelines range. It nevertheless determined that an above-Guidelines sentence was warranted in light of Murillo-Camacho's immigration and criminal history, which included prior sentences of 46 and 57 months for immigration offenses. In light of these circumstances, and the 18 U.S.C. § 3553(a) sentencing factors, the sentence is substantively reasonable. *See United States v. Burgos-Ortega*, 777 F.3d 1047, 1056-57 (9th Cir. 2015).

**AFFIRMED.**

20-50262